## BALDWIN vs. CRISWELL.

Where property is sold at probate sale for less than the sum for which it is mortgaged, the mortgaged creditor can only be placed on the tableau with a privilege for the amount of the sale, and for the balance of his claim he must be set down as an ordinary creditor.

This is an action by the plaintiff, Baldwin, and several other creditors, who joined their claims with his, against the defendant, as administrator of one P. L. Gwinn, deceased, charging him with neglect of duty in failing to collect and

WESTERN DIST.
*October*, 1859.

BALDWIN
*vs.*
CRISWELL.

pay over the moneys of the succession. They pray that he be ordered to account, and be made personally liable for any losses the estate may have sustained in consequence of his negligence; that certain property of the succession yet unsold, be disposed of, and that they have their claims allowed and paid.

The defendant denied that he was guilty of any neglect; and was ready to account for all the funds he had received, and that there was not sufficient funds to pay the privileged creditors. He expressed his readiness to dispose of the remaining property; and also filed an account, or provisional tableau.

In this statement he placed himself on the tableau as a privileged creditor for the sum of four thousand four hundred and thirty-six dollars, being for notes taken up and paid off by him as security, bearing mortgage. Among them were three notes given by Gwinn, with defendant as surety; amounting to three thousand six hundred dollars, to the estate of Elizabeth Bowden, deceased, for the purchase of slaves, with a mortgage thereon. These slaves were sold at the probate sale of Gwinn's estate for three thousand and twenty-five dollars; but the defendant set down all his debt as a privileged one, and claimed to be first paid. The plaintiff and other creditors made opposition.

The judge of probates homologated the account, and gave judgment allowing the defendant's privileged claims. The plaintiffs appealed.

This case was submitted to this court by counsel, without argument or written points, on detached documents and original papers, under an agreement of the parties.

*Morphy, J.,* delivered the opinion of the court.

The plaintiffs state themselves to be creditors of the estate of one P. L. Gwinn, and call upon the defendant as administrator of the same, to file a true statement of his account, showing the amount of funds collected by him; and that he should be made liable for all losses sustained by the estate, through his neglect to collect the debts; and finally, that all

property yet unsold be disposed of to liquidate the debts of the estate. The defendant admits the claims of the plaintiffs ; denies that the estate has suffered any loss through his neglect ; and avers that the mortgage debts of the estate being paid, there remains no funds to be distributed among the ordinary creditors ; that there are notes amounting to three thousand three hundred and forty-one dollars, for which he is not accountable, because some of these have never come to his hands, and the amount of others, subscribed by himself, is due to him as a mortgage creditor. To this answer is annexed a statement or account, if it can be so called, from which it is difficult to collect any thing, except that the defendant has set himself down as a mortgage creditor for three thousand six hundred dollars in capital, and one hundred and seventy dollars for interest due thereon. The judgment below allowed the whole of defendant's claim, and the plaintiffs have appealed.

This case has been submitted to us without argument or brief, and the record, by agreement of counsel below, has been made to consist of a number of loose documents, on separate sheets of paper, numbered and marked as per said agreement. From these we have been enabled to reach the following facts, to wit : That on the death of P. L. Gwinn his estate was first administered upon by one Thomas Bryan, who offered for sale certain slaves, which were adjudicated to defendant for the sum of three thousand and twenty-five dollars ; that these slaves had been purchased by Gwinn, from the estate of Mrs. Elizabeth Bowden, for three thousand six hundred dollars, for which he had given his notes, signed by defendant as his security, and secured by a mortgage on the slaves. The evidence shows, that defendant has taken up the notes subscribed by Gwinn, and has thus been subrogated to the vendor's mortgage on the slaves adjudicated to him, as above stated, for three thousand and twenty-five dollars. Having afterwards been appointed administrator of Gwinn's estate, he had certainly a right to place himself in his account as a mortgage creditor for three thousand and twenty-five dollars, the price brought by the slaves mortgaged

to him ; for the surplus, defendant should have been placed among the ordinary creditors. The judge below has entirely overlooked the other matters submitted to him ; in fact, the whole proceedings are lame, and must be considered *ex parte* as to the other creditors. The property of the estate is not yet all disposed of, nor are the debts collected. The account can be viewed only as a provisional one ; we think, however, that, so far as it goes, the judgment below is erroneous in allowing the whole of defendant's claim as a mortgage debt.

· It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed. And it is further ordered, adjudged and decreed, that the account presented by defendant be so amended as to reduce his mortgage claim to three thousand and twenty-five dollars, leaving the other matters, presented by the pleadings, to be hereafter settled, contradictorily with all the creditors, in the rendition of a final account, and defendant pay costs in both courts.